FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

APR 15 2014

CENTRAL DISTRICT OF CALIFORNIA
BY ⸺ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

RUBEN BELTRAN,

  Petitioner,

v.

P. D. BRAZELTON, Warden,

  Respondent.

Case No. CV 14-02551 DSF (AN)

**ORDER TO SHOW CAUSE RE DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY AS TIME-BARRED**

**I. BACKGROUND**

Before the Court is a petition for writ of habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254 ("Petition") brought by Ruben Beltran ("Petitioner"), a state prisoner proceeding *pro se*. The Petition challenges Petitioner's current state custody following a jury trial in the California Superior Court for Los Angeles County (case no. LA057526). Petitioner was convicted of aggravated sexual assault of a child and sentenced to 15 years to life.

For the reasons set forth below, Petitioner is ordered to show cause why his Petition should not be dismissed with prejudice because it is time-barred.

///

## II. DISCUSSION

### A. Standard of Review

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), 28 U.S.C. foll. § 2254, requires a judge to "promptly examine" a habeas petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Local Rule 72-3.2 of this Court also provides "[t]he Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge." C.D. Cal. R. 72-3.2. Further, an untimely habeas petition may be dismissed *sua sponte* if the court gives the petitioner adequate notice and an opportunity to respond. *Day v. McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

### B. Statute of Limitations

The Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which establishes a one-year statute of limitations for state prisoners to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). In most cases, the limitations period is triggered by "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

///
///
///
///
///
///

The Petition and Petitioner's relevant state court records[1] establish the following facts. Petitioner was sentenced for the above offense on October 20, 2010. On December 8, 2011, the California Court of Appeal affirmed the judgment (case no. B229411). The California Supreme Court then denied review of the court of appeal's decision on February 29, 2012 (case no. S199554). Petitioner did not file a petition for certiorari with the United States Supreme Court. (Pet. at 2-3, 5; state court records.)

Therefore, for purposes of AEDPA's limitations period, Petitioner's judgment became final on May 29, 2012, the ninetieth day after the state high court denied his petition for review and the last day for him to file a petition for certiorari with the Supreme Court. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). The statute of limitations then started to run the next day, on May 30, 2012, and ended on May 30, 2013. 28 U.S.C. § 2244(d)(1)(A); *see also Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001) (the limitations period begins to run on the day after the triggering event under Fed. R. Civ. P. 6(a)). Petitioner did not constructively file his pending Petition until March 16, 2014 -- 290 days after the expiration of the limitations period.[2] Accordingly, absent some basis for tolling or an alternative start date to the limitations period under 28 U.S.C. § 2244(d)(1), the pending Petition is time-barred.

---

[1] The Court takes judicial notice of Internet records relating to this action in the state appellate courts (available at http://appellatecases.courtinfo.ca.gov) ("state court records"). *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of related state court documents), *overruled on other grounds as recognized in Cross v. Sisto*, 676 F.3d 1172 (9th Cir. 2012).

[2] Pursuant to the "mailbox rule," a *pro se* prisoner's federal habeas petition is deemed to be filed on the date the prisoner delivers the petition to prison authorities for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001); *see also* Habeas Rule 3(d). For purposes of the timeliness analysis, and absent any evidence to the contrary, the Court finds Petitioner constructively filed the Petition by delivering it to the prison mail system on March 16, 2014, which is the date that was handwritten by a prison official on the back of the envelope containing the Petition.

C.  **Statutory Tolling**

AEDPA includes a statutory tolling provision that suspends the limitations period for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Waldrip v. Hall*, 548 F.3d 729, 734 (9th Cir. 2008); *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th Cir. 2005). Although Petitioner alleges he has not filed any state habeas petitions (Pet. at 3), his state court records establish that he filed one in the California Supreme Court on January 9, 2013, and that petition was summarily denied on March 13, 2013 (case no. S207892). (State court records.) Given sixty-three days of statutory tolling for the time Petitioner's state habeas petition was pending, AEDPA's limitations deadline was extended from May 30 to August 1, 2013. The pending Petition, constructively filed on March 16, 2014, is still untimely by 227 days.

Additionally, Petitioner filed a prior federal habeas action, which has no bearing on the Court's timeliness analysis. By AEDPA's express terms, the limitations period is only tolled during the pendency of "a properly filed application for *State* post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2) (emphasis added). Section 2244(d)(2) does not toll the limitations period while a *federal* habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82, 121 S. Ct. 2120 (2001). Further, the pending action cannot "relate back" to the prior action because that action was dismissed in its entirety for lack of jurisdiction, for Petitioner's failure to comply with the Court's orders, and for want of prosecution, and is no longer pending (*see* CV 12-9529 DSF (AN), [11], [12]).[3/] *Rasberry v. Garcia*, 448 F.3d 1150, 1155 (9th Cir. 2006) ("[T]he relation back doctrine does not apply where the previous habeas petition was

---

[3/]  That action was dismissed after Petitioner not only failed to file a first amended petition despite being granted an extension of time to do so, but he then made no contact with the Court for six months. (*See* CV 12-9529 DSF (AN), [11]); *see also United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (a federal court may take judicial notice of its own records in other cases).

Page 4

dismissed because there is nothing to which the new petition could relate back."). Moreover, Petitioner's attempt to circumvent this conclusion by falsely stating that the prior action is still pending, by writing his prior case number on the front page of his current Petition, and by labeling the current Petition as a first amended petition, is rejected. (Pet. at 1, 8.) Put simply, the pending Petition is the first pleading in case no. CV 14-2551 DSF (AN), which does not and cannot relate back to case no. CV 12-9529 DSF (AN). *Rasberry*, 448 F.3d at 1155.

D. **Alternative Start of the Statute of Limitations**

   1. **State-Created Impediment**

   In rare instances, AEDPA's one-year limitations period can run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting that the statute of limitations was delayed by a state-created impediment requires establishing a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002). The Petition does not set forth any facts for an alternate start date of the limitations period under this provision.

   2. **Newly Recognized Constitutional Right**

   AEDPA provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitations period begins to run on the date which the new right was initially recognized by the Supreme Court. 28 U.S.C. § 2244(d)(1)(C). The Petition does not set forth any facts for an alternate start date of the limitations period under this provision.

   3. **Discovery of Factual Predicate**

   AEDPA also provides that, in certain cases, its one-year limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. §

2244(d)(1)(D); *Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012). The Petition does not set forth any facts for an alternate start date of the limitations period under this provision.

### E. Equitable Tolling

AEDPA's limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645, 130 S. Ct. 2549 (2010). Specifically, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005); *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S. Ct. 1079 (2007).

However, "[e]quitable tolling is justified in few cases" and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (*quoting Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)). Additionally, although "we do not require [the petitioner] to carry a burden of persuasion at this stage in order to merit further investigation into the merits of his argument for [equitable] tolling," *Laws v. Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003), "[w]here the record is amply developed, and where it indicates that the [alleged extraordinary circumstance did not] cause the untimely filing of his habeas petition, a district court is not obligated to hold evidentiary hearings to further develop the factual record, notwithstanding a petitioner's allegations . . . ." *Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010); *see also Elmore v. Brown*, 378 Fed. Appx. 664, 666 (9th Cir. 2010) ("[W]here the record is sufficient to permit the district court - and us on appeal - to evaluate the strength of the petitioner's [equitable tolling] claim, the district court does not necessarily abuse its discretion if it denies the petitioner a hearing.") (cited pursuant to 9th Cir. R. 36-3).

The Petition does not set forth any facts for equitable tolling.

///

# O R D E R

Based on the foregoing, the Court finds this action is untimely. Accordingly, Petitioner shall have until **May 6, 2014,** to file a written response and show cause why his Petition should not be dismissed with prejudice because it is time-barred. In responding to this Order, Petitioner must show by declaration and any properly authenticated exhibits what, if any, factual or legal basis he has for claiming that the Court's foregoing analysis is incorrect, or that AEDPA's one-year statute of limitations should be tolled, or the start date extended.

**Petitioner is warned that if a timely response to this Order is not made, Petitioner will waive his right to respond and the Court will, without further notice, issue an order dismissing the Petition, with prejudice, as time-barred.**

**Further, if Petitioner determines the Court's analysis is correct and the Petition is time-barred, he should consider filing a Request For Voluntary Dismissal of this action pursuant to Fed. R. Civ. P. 41(a)(1) in lieu of a response.**

IT IS SO ORDERED.

DATED: April 15, 2014

_____
ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE